# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

DENISE BERRY, et al.,

    Plaintiffs,

v.

LAWRENCE LINDEMANN, et al.,

    Defendants.

No. 00 C 5540
Judge James B. Zagel

## MEMORANDUM OPINION AND ORDER

*Facts*

Keni Kahoun was employed by the Illinois Department of Human Services ("IDHS") as a supervisor at the Howe Developmental Center ("Howe"). While employed there, Kahoun witnessed Plaintiffs kicking N.S., a long-term resident, and hitting him with a broomstick. Afterward she called her supervisor and the IDHS internal investigations unit and reported the incident. The call was consistent with IDHS policy which requires that all incidents resulting in an injury to a resident be reported. The IDHS investigator at Howe then called the Illinois State Police Office of Internal Investigations. As part of their investigation, the State Police interviewed Kahoun, several of the Plaintiffs, the residents, and a physician at Howe who indicated that N.S. had injuries consistent with being hit and kicked. Kahoun did not request Plaintiffs be arrested, nor did she sign a criminal complaint against them. She also was not present when Plaintiffs were subsequently arrested. Plaintiffs claim that Kahoun fabricated part of her report by falsely stating that Plaintiffs were kicking N.S. and hitting him with broomsticks. She is accused of violating Plaintiffs' Fourth Amendment Constitutional rights under 42 U.S.C. § 1983 by wrongly accusing them of patient abuse, causing them to be falsely arrested.

*Analysis*

Defendant Kahoun moves for summary judgment on Plaintiffs' claim.[1] Summary judgment is proper when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). In determining whether any genuine issue of material facts exists, I must construe all facts in the light most favorable to the non-moving party and draw all reasonable and justifiable inferences in its favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). A genuine issue of fact exists only when, based on the record as a whole, a reasonable jury could find for the non-movant. *Pipitone v. United States*, 180 F.3d 859, 861 (7th Cir. 1999). If there has been adequate time for discovery and the party bearing the burden of proof has failed to establish an essential element of its case, I must grant summary judgment upon motion by the opposing party. *Celotex*, 477 U.S. at 322.

In order to maintain a § 1983 action, Plaintiffs must demonstrate two elements: (1) that a Constitutional right was violated, and (2) that the person violating it acted under color of State law. 42 U.S.C. § 1983; *Moore v. Marketplace Rest., Inc.*, 754 F.2d 1336, 1352 (7th Cir. 1985). Whether or not Plaintiffs' Fourth Amendment Constitutional rights were violated is a question of fact that must be submitted to a jury. However, the issue of whether or not Defendant acted under color of State law is a question of law which I may decide.

---

[1] Kahoun's motion entitled "Defendant Kahoun's Motion for Judgment as a Matter of Law" is more properly seen as a motion for judgment on the pleadings. Fed. R. Civ. P. 12(c). Rule 12(c) states that "[i]f, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56." Accordingly, I will treat Kahoun's motion as one for summary judgment.

***Acting Under Color of State Law by Virtue of Being a State Employee***

Not all acts committed by State employees are considered to be under color of State law. *Hughes v. Meyer*, 880 F.2d 967, 971 (7th Cir. 1989). An act is only committed under color of State law when it constitutes a misuse of power possessed under State law and is "made possible only because the wrongdoer is clothed with the authority of state law." *United States v. Classic*, 313 U.S. 299, 326 (1941). "[G]enerally, a public employee acts under color of state law while acting in his official capacity or while exercising his responsibilities pursuant to state law." *West v. Atkins*, 487 U.S. 42, 50 (1988) (doctor employed by the State prison system acted under color of law when he violated inmate's Eighth Amendment right by giving inadequate medical care). When State employees act "without the cloth of state authority" they are not subject to suit under § 1983. *Hughes*, 880 F.2d at 971.

In *Munoz v. Chi. Sch. Reform Bd.*, No. 99 C 4723, 2000 U.S. Dist. LEXIS 1559 (N.D. Ill. Feb. 4, 2000), the court held that the plaintiffs had properly alleged that school officials were acting under color of law for a § 1983 harassment claim when the plaintiffs claimed that the officials used their authority to harass the plaintiffs and chill their right to free speech. *Id*. at *12-13. Among other actions, the Plaintiffs alleged that the defendant Principal and Vice-Principal ordered the plaintiffs' arrest and denied them access to school grounds. *Id*. at *4-5. Despite the arrest, the court held that the officials' authority did not give them power to personally arrest the plaintiffs. *Id*. at *15-16. Unlike the harassment claim, the police officers who actually made the arrest were the State actors responsible, not the school officials that provided false information to the police. *Id*.

Kahoun was a government supervisor who, in the course of her duties, allegedly made false statements to the police. The police then launched an investigation which ultimately led to Plaintiffs' arrest. This case presents a different situation than *West*. In *West*, the defendant was acting in his official capacity as a doctor when he treated the inmate, which is why the subsequent claim was for inadequate medical treatment. 487 U.S. at 54. Kahoun may have been acting in accordance with her official duties by reporting N.S.'s injuries, but this claim is for false arrest. Neither Kahoun's status as a supervisory official nor IDHS policy gave Kahoun authority to effectuate an arrest or made her responsible for the ultimate outcome of the investigation. She cannot misuse authority she does not have. *See Gibson v. Chicago*, 910 F.2d 1510, 1518 (7th Cir. 1990).

The police officers who investigated and made the subsequent arrests are the parties who would be responsible for a false arrest. *Munoz*, 2000 LEXIS 1559, at *15. I have already dismissed the claims against those officers. Kahoun's position did not have any law enforcement authority, therefore she was not acting under color of law for a § 1983 false arrest claim merely by virtue of her employment at Howe.

***Acting Under Color of State Law by Making False Accusations to the Police***

Generally, making false accusations to law enforcement officers does not constitute acting under color of State law. *Bergstrom v. McSweeney*, 294 F. Supp. 2d 961, 965 (N.D. Ill. 2003) (citing *Moore*, 754 F.2d at 1352). However, State supervisory personnel face a narrow exception to this rule. State supervisory personnel who abuse their authority by "secur[ing] without justification the arrest of an employee under their supervision" at a government facility may be considered to be acting under color of state law. *See Yeksigian v. Nappi*, 900 F.2d 101,

4

104 (7th Cir. 1990) (city supervisory personnel who called police and lied about an employee's activities in order to have the employee arrested was acting under color of law); *Frazier v. Bd. of Educ.*, No. 03 C 755, 2003 U.S. Dist. LEXIS 10946, at *7 (N.D. Ill. June 27, 2003) (applying *Yeksigian* to State supervisory personnel). It is irrelevant whether the supervisor may have acted "in excess" of her authority. *Yeksigian*, 900 F.2d at 104.

This exception for State supervisory personnel only applies when the supervisor calls the police and requests Plaintiffs' arrest. *Bergstrom*, 294 F. Supp. 2d at 965. Merely lying to the police does not constitute acting under color of law. *See id*. In *Bergstrom*, the plaintiff, a police officer, was falsely arrested, and his supervising officer made false statements that prolonged his arrest. *Id*. The court found that *Yeksigian* did not apply to the supervising officer because he had not called the police and requested they arrest the plaintiff. *Id*.

Similarly, the *Yeksigian* exception does not apply in this case. According to Plaintiffs, Kahoun lied to the police about Plaintiffs' activities, leading to their arrest. However, Plaintiffs do not claim that Kahoun personally called the police and directly requested that they arrest Plaintiffs, or that she signed a criminal complaint against them. In fact, Kahoun did not explicitly seek contact with the police at all. She merely called her supervisor and the IDHS. The IDHS subsequently called the police who began an investigation. Consequently, Kahoun did not act under color of State law by making false accusations to the police.

*Acting Under Color of State Law as a Private Party*

A State employee that did not act under color of law by virtue of their employment may still have acted under color of law as a private party. *See Hughes*, 880 F.2d at 972; *United States v. Price*, 383 U.S. 787, 794 (1966). Private parties may act under color of State law through

5

"willful participa[tion] in joint activity with the State or its agents." *Price*, 383 U.S. at 794. To establish such a "conspiracy," Plaintiffs must demonstrate that the private party reached an understanding with state officials to deny Plaintiffs their Constitutional rights. *Moore*, 754 F.2d at 1352.

Nothing in the facts suggests that Kahoun conspired with the police officers in any way. Kahoun did not initially contact the police officers, she contacted her superior and the IDHS, who then contacted the State Police. The State Police then interviewed Kahoun as part of their investigation. The charges against the State Police officers in this case have been dismissed. I found that the police officers relied on Kahoun's statements in conjunction with other evidence, and that this reliance was reasonable. Because no evidence suggests a conspiracy between Kahoun and the police officers, Kahoun did not act under color of law as a private party.

For these reasons, I find that Defendant Kahoun was not acting under color of law. Accordingly, Defendant's motion for summary judgment is granted.

ENTER:

*James B. Zagel*

James B. Zagel
United States District Judge

DATE: August 31, 2006